By the Court, Gridley, J.
The appeal in this cause only draws in question the decision of the court at the special -term, in overruling the demurrer to the third and fourth causes of action set up in the complaint. I propose to add but few remarks to the well considered opinion of Justice Allen, delivered at the special term.
It is proper to observe that the demurrer was interposed under the sixth ground stated in the subdivision of section 144 ef ■the code; and was by its very terms confined to the specifications set forth in the pleading. The defendant demurred to the third alleged cause of action, in the complaint, on the ground “ that the facts therein stated, are not sufficient to constitute a cause of action, in this; First, that there is no sufficient consideration therein stated to support the promises therein set forth, die. Second, that the promises therein alleged are otherwise void,” <fcc. &c. How, whether a general demurrer, on the-ground that the count did not state facts sufficient to constitute a cause of action, would have been good without any further specification, or not, becomes immaterial; for the defendant, by the express terms of the demurrer, limits his objections to the insufficiency of the facts, in the several respects indicated by the specifications. The demurer is so framed as to exclude all other grounds of objection than -those which -are-particularly set forth.
.(1.) The first objection is, that there is no sufficient consideration set up in the count; and this cause of demurrer is common to the third and fourth counts. The complaint alleges that on the 30th of March, 1849, in consideration, that one Lawrence had theretofore agreed to purchase a quantity of furniture on which the defendant represented that he held a policy of insurance; and in further consideration that Lawrence then and there agreed to pay, when requested, the premium on the policy, he, the defendant then and there promised the said Lawrence, that, before completing the purchase of the goods, and furniture, he would procure the assent -of the insurer, and would assign the policy, &c. How this is .a very plain 'Statement of mutual promises, as the consideration of the defendant’s promise. The promises are laid as concurrent acts, and no reason is perceived *66 why this does not constitute a good consideration. (1 Ch. Pl. 297, 2d Am. ed. from 2d London ed.) The additional executed promise which is stated as a part of the consideration, and alleged to have been previously made, does not vitiate the consideration arising upon mutual promises. Mr. Ohitty says “ that where one of several considerations is frivolous and void, it is sufficient to notice only the valid consideration, though if stated it will not vitiate the declaration.” It was said, on the argument that the count did not allege, with sufficient certainty, that the policy of insurance was obtained by the defendant, and was held by him at the time of the promise; and that it was uncertain whether the premium was to be paid to the defendant, or to the insurance company. We think, however, that it sufficiently appears that the policy ivas then held by the defendant; that it was made out to him ; and that the promise was that the defendant would assign it to Lawrence and would procure the assent of the company to such assignment. These allegations are utterly inconsistent with the hypothesis that the defendant was to procure a new policy to be made out to Lawrence or to himself; and then that he should assign it to Lawrence. There is no longer any special demurrer for uncertainty, but the allegations of a pleading are to be liberally construed, with a viéw to substantial justice between the parties. (Code, § 159.)
(2.) The second specification in the demurrer is that the promises are otherwise void. The ground of this criticism is, that the true construction of the pleading is, that the defendant was to go to the company and take out a new policy in the name of the contracting party Lawrence; and that even if the defendant was to be taken to contract concerning a policy that he then held, it was not expressly averred that he had paid the premium on it; so that the promise of Lawrence, to pay the premium, would only be a promise to pay the premium to the company, or to the defendant; that he might pay it over to the company, and of course the promise of Lawrence not being beneficial to the defendant, would furnish no sufficient consideration for the defendant’s promise. But it seems to me that we are to take judicial notice of public statutes ; and we therefore *67 may presume that a man who has taken a policy of insurance on his furniture, has paid the premium, and given a premium note; and when he sells the furniture, and assigns the policy, the purchaser pays the premium to him. The section of the code just quoted warrants and requires such a construction. Again, it is said that the defendant’s promise is void, because, if not performed, when the furniture was delivered, it must have been waived. But that objection is removed, when we see by the subsequent allegations why the performance was not then insisted on ; or rather, that the delivery of the paper was not made personally to Lawrence. The defendant might have delivered it to a third person for Lawrence, to take effect on the delivery of the furniture. And therefore the objection must be abandoned by the defendant unless it be supposed that the assignment was to be made to Mr. Lawrence, before he had.an insurable interest 3 an objection that Justice Allen has fully answered.
(3.) The next objection is that the policy is not described with sufficient accuracy, and that it involves a question of law. If the description is so uncertain as to be void, then the demurrer is well taken, not otherwise. But it is certain enough. It states the names of the insurer and the insured—that it is an insurance on the furniture in the defendant’s tavern in Norwich, and that it was given for $1000. This, when it is considered that the defendant had it in his possession, and the plaintiff had not, is sufficient.
4.) There is one general ground of demurrer to the entire complaint, for the alleged joinder of incompatible causes of action. This objection is not well founded in fact. The fourth count, if true, shows that the pleader might have complained in fraud. But he did not. All the counts have the unmistakable characteristics of an action on promises.
On the whole I am led to the same conclusion with the justice, who decided this demurrer at special term, that the grounds pointed out by the demurrer as objections to the complaint are none of them tenable 3. and that' the demurrer- must be overruled. The pleading is certainly not drawn with much skill or *68 technical accuracy; but it is not open on this argument to any of the objections, specified in the demurrer. 0
[Oneida General Term,
January 5, 1852.
Gridley, Pratt, W. F. Allen and Hubbard, Justices.]
Judgment affirmed, but leave is given to the defendant to withdraw his demurrer, and plead, on payment of the costs ordered at special term, and the costs of the appeal.
Judgment affirmed.